IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LECH LEWANDOWSKI, etc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 11 C 6578 |
| | ) |
| JCM ACQUISITION COMPANY, etc., et al., | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM ORDER

Defendants Scott Curry and SMC Enterprises, Inc. have filed their Answer to the Complaint filed against them and two codefendants by Lech Lewandowski ("Lewandowski"), who seeks to sue on his own behalf and on behalf of other employees and ex-employees under the Fair Labor Standards Act ("FSLA") and related State of Illinois legislation. This memorandum order is issued sua sponte because of the problematic inclusion of a number of affirmative defenses ("ADs") following the Answer itself.

It seems clear from the ADs that defense counsel has paid insufficient heed to the fundamental concept of an AD embodied in Fed. R. Civ. P. ("Rule") 8(c) and the caselaw applying that Rule (see also App'x ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001)), under which the pleader must accept the Complaint's allegations as true but then go on to explain why the targeted defendant or defendants is or are not liable anyway. In that respect:

  1. AD 1 asserts a statute of limitations defense on

the premise that defendants' asserted violation of the FSLA "was not willful." But that flatly contradicts Complaint ¶62, so AD 1 is stricken.[1]

    2. AD 2 seeks to invoke FSLA §207(i) on the premises that (a) Lewandowski and his cohorts were employed at a service establishment and (b) the bulk of his (and their) compensation "represent[ed] commissions on goods or services."[2] But that appears to be at odds with Complaint ¶3, which alleges that Lewandowski "was employed...as a janitor cleaning offices and other commercial properties." Quite apart from the question whether the statutory provision applies to "a service establishment" other than that of Lewandowski's own employer, it would seem to strain the language unduly to characterize the payments to Lewandowski as "commissions." Hence AD 2 is also stricken, but this time without prejudice to its possible reassertion if the position advanced by defendants can be fleshed out consistently with the requirements of Rule 11(b) as to both subjective and objective good faith.

---

[1] Defendants lose nothing in substantive terms by this ruling, because the Answer's denial of Complaint ¶62 has put the parties at issue as to wilfullness. That is true as well as to any other ADs that are stricken here, but as to which denials set out in the Answer have put the same subject at issue.

[2] That provision has its counterpart in one of the Illinois statutes relied on in the Complaint.

3. AD 3 seeks to invoke FSLA §213(a)(1) and its exemption for "any employee employed in a bona fide executive, administrative, or professional capacity." This Court is of course familiar with the euphemism that seeks to upgrade "janitors" to "stationary engineers," but Complaint ¶3 applies no such romantic enhancement. AD 3 is accordingly stricken as well, once again without prejudice to its possible resuscitation on a proper showing.

4. AD 4 calls upon FSLA §260 by urging defendants' good faith. In light of what is alleged in the Complaint and what has been said here, that seems suspect. In that regard defense counsel must beef up that contention in accordance with notice pleading requirements that are incumbent on defendants as well as plaintiffs. Counsel must, of course, be mindful of the "plausibility" concept taught in the Twombly-Iqbal canon.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 29, 2011